UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: ) | |
| ) | Case No. 17-20526-TPA |
| UNIQUE VENTURES GROUP, LLC, ) | |
| ) | Chapter 11 |
| Debtor, ) | |
| ) | JUDGE THOMAS P. AGRESTI |
| ) | |
| ) | Adv. No: |
| ALBERT'S CAPITAL SERVICES, LLC, as ) | |
| Plan Administrator, ) | Doc. No.: |
| ) | |
| Plaintiff, ) | Related to Doc. No.: |
| ) | |
| vs ) | Hearing Date: |
| ) | |
| CAROL KORTANEK, ADMINISTRATOR ) | Hearing Time: |
| OF THE ESTATE OF MICHAEL I. ) | |
| FRANGOULIS, JR., and MICHAEL I. ) | |
| FRANGOULIS FAMILY LIMITED ) | |
| PARTNERSHIP, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 547, 548 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

As Plaintiff in this action, Albert's Capital Services, LLC, the Plan Administrator of the estate of Unique Ventures Group, LLC, for its *Complaint to Avoid and Recover Transfers Pursuant to 11 USC §§ 544, 547, 548, and 550 and To Disallow Claim Pursuant to 11 USC § 502*, against Defendants Carol Kortanek, Administrator of the

1

Estate of Michael I. Frangoulis, Jr. and the Michael I. Frangoulis Family Limited Partnership, states as follows:

## NATURE OF THE CASE

1. This action is commenced pursuant to sections 544, 547, 548, 549, and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") to avoid and recover preferential, fraudulent, and/or unauthorized post-petition transfers made by the Debtors to, or for the benefit of Defendants.

2. In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendants have filed or asserted against the Debtor or that has been scheduled for Defendants. Plaintiff does not waive but hereby reserves all of its rights to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

3. This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334 and the Plan (as defined below). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, Plaintiff consents to the entry of a final order or judgment by the bankruptcy court.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1409.

6. The Debtor filed a voluntary petition for relief under chapter 11 of title 11, United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code") on February 13, 2017 (the "Petition Date")

7. On January 24, 2018, this Court entered the *Order Confirming Second (Amended) Chapter 11 Plan* [Docket No. 950] (the "Confirmation Order"), thereby confirming the Second Amended Chapter 11 Plan (the "Plan") and Second Amended

Disclosure Statement filed by the Official Committee of Unsecured Creditors (the "Committee").

8. The Confirmation Order vested the Plan Administrator with the rights and powers set forth in the Plan Administrator Agreement, including the right to facilitate the liquidation of the Debtor's assets, make distributions on account of Claims as provided in the Plan, object to Claims and settle, compromise, withdraw, or litigate to judgment such objections, pursue recoveries available under Chapter 5 of the Bankruptcy Code, and wind down the Debtor.

9. Michael A. Frangoulis, Jr. ("Frangoulis"), deceased, whose estate administrator is a defendant in this action, was, at all times material hereto, an insider of the Debtor.

10. The estate administrator for Frangoulis has an address at 921 College Street, Pittsburgh, Pennsylvania 15232.

11. On information and belief, Frangoulis was also the principal for all times pertinent hereto of Defendant Michael I. Frangoulis Family Limited Partnership ("Family Partnership") which has as its address 100 First Avenue, Suite 800, Pittsburgh, Pennsylvania 15222.

12. Exhibit A reflects the Plan Administrator's current knowledge of the time and amount of all transfers made by or for the benefit of the Defendants on or during the one year period immediately preceding the Petition Date, in the amount of $38,753.31. During the course of this proceeding, the Plan Administrator may learn of additional transfers made to Defendants during the Preference Period (as defined below), during the applicable time periods with respect to actions arising under sections 544 and 548 of the Bankruptcy Code, or subsequent to the Petition Date without

Bankruptcy Code or Court authority therefor. It is the Plan Administrator's intention to avoid and recover all such transfers, whether such transfers presently are reflected in Exhibit A or not, and the Plan Administrator reserves all rights to supplement and amend the allegations of this Complaint accordingly. Collectively, all transfers made by or for the benefit of the Debtor of an interest of the Debtor in property to or for the benefit of Defendant during the Preference Period (whether such transfers presently are reflected in Exhibit A or not) are referred to herein as the "Transfers."

### First Claim For Relief
### Avoidance of Preferential Transfers
### 11 SC §§ 547(b) and 550

13. Plaintiff restates the above as if set out in full herein.

14. As more particularly described on Exhibit A attached hereto and incorporated herein, on or within the one year immediately prior to the Petition Date (the "Preference Period"), the Debtor made the Transfers to or for the benefit of Defendants in an aggregate amount of not less than $38,753.31.

15. The Transfers were made on account of prior contractual obligations or invoices owed by Debtor to Defendant before the Transfers were made.

16. The Transfers were made in payment of goods sold and/or services provided by Defendant to Debtor at their corporate headquarters or restaurants.

17. The goods and/or services paid for by each of the Transfers were provided by Defendant to Debtor before each such Transfer was made.

18. The Transfers were made while the Debtor was insolvent. Pursuant to 11 U.S.C. § 547(f), the Debtors are presumed to have been insolvent on and during the ninety days immediately preceding the Petition Date.

19. The Transfers enabled the Defendants to receive more than they would have received if (i) the Bankruptcy Case was under chapter 7 of the Bankruptcy Code, (ii) the Transfers had not been made, and (iii) Defendants received payment of such debt to the extent provided by the provisions of the Bankruptcy Code. As evidenced by the Debtors' schedules filed in the Bankruptcy Case as well as proofs of claim that have been received to date, the Debtors' liabilities exceed their assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtor's bankruptcy estate.

20. Defendants were the initial transferee of the Transfers, or the entity for whose benefit the Transfers were made.

21. Based upon the foregoing, Plaintiff is entitled to an order and judgment against Defendants: (i) avoiding the Transfers under section 547(b) of the Bankruptcy Code; and (ii) entitling Plaintiff to recover the Transfers or the value of the Transfers from Defendant under section 550(a) of the Bankruptcy Code, together with the award of pre and post-judgment interest thereon from the date of demand to the date of payment or other satisfaction of such order and judgment.

### Second Claim For Relief
### Avoidance and Recovery of Fraudulent Transfers
### 11 USC §§ 544, 548, 550

22. Plaintiff restates the foregoing as if set out fully herein.

23. The Debtor made Transfers or a portion thereof to or for the benefit of Defendants in an aggregate amount of not less than $38,753.31 on or within two years prior to the Petition Date. Necessarily, such Transfers were also made within four years prior to the Petition Date or other limitations period prescribed by the applicable state fraudulent transfer law.

24. Upon information and belief, Debtor received less than reasonably equivalent value in exchange for some or all of the Transfers, either because the goods and/or services were in fact less in value than the Transfers or because Debtor was not incurring the debt.

25. Upon information and belief, on the date of each Transfer, Debtor: (i) was insolvent or became insolvent as a result of such Transfer; (ii) was engaged in business or a transaction, or about to engage in business or transactions, for which any property remaining with Debtor was an unreasonably small capital at the time of, or as a result of the Transfers; and/or (iii) intended, at the times relevant to this Complaint, to incur, or believed that Debtor would incur, debts that would be beyond its ability to pay as such debts matured.

26. Upon information and belief, at all times relevant to this Complaint, there were actual creditors of the Debtors holding unsecured claims allowable within the meaning of sections 502 and 544(b) of the Bankruptcy Code that could have avoided the Transfers under applicable state fraudulent transfer law, including but not limited to, the Pennsylvania Fraudulent Transfer Act, 12 Pa. C.S.A., § 5101 *et seq.*, and the Ohio Uniform Fraudulent Transfer Act, O.R.C. § 1336.01 *et seq.*

**Third Claim For Relief**
**Disallowance of Claims**
**11 USC §§ 502(d) and (f)**

27. Plaintiff restates the foregoing as if set out fully herein.

28. Defendants are transferees of Transfers avoidable pursuant to section 547 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

29. Defendants have not paid the amount of the Transfers or turned over such property for which Defendants are liable under section 550 of the Bankruptcy Code.

30. Pursuant to section 502(d) of the Bankruptcy Code, any and all claims of Defendants against the Debtor must be disallowed until such time as Defendants pay Plaintiff the amount equal to the aggregate amount of all of the Transfers, plus interest thereon.

31. Pursuant to 11 U.S.C. § 502(j), any and all previously allowed claims of Defendants against the Debtor, including any and all claims assigned by Defendants, must be reconsidered and disallowed until such time as Defendants pay to Plaintiff the amount equal to the aggregate amount of all of the Transfers, plus interest thereon and costs.

## **Relief Requested**

WHEREFORE, the Plaintiff prays for judgment against the Defendant as follows:

A. On Plaintiff's First Claim for Relief, judgment in favor of Plaintiff and against Defendants, avoiding the preferential Transfers and directing Defendants to return to Plaintiff the amount of the preferential Transfers, pursuant to 11 U.S.C. §§ 547(b) and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B. On Plaintiff's Second Claim for Relief, judgment in favor of Plaintiff and against Defendants, avoiding the fraudulent Transfers and directing Defendants to return to Plaintiff the amount of the fraudulent Transfers, pursuant to 11 U.S.C. §§ 544(b), 548(a)(1)(B) and 550(a), plus interest from the date of demand at the maximum

Document    Page 8 of 9

legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

  C. On Plaintiff's Third Claim for Relief judgment in favor of Plaintiff and against Defendants disallowing any claims filed or otherwise held by Defendants and/or their assignees against the Debtor until Defendants return the Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j); and

  D. To award Plaintiff its costs and reasonable attorney's fees pursuant to Rule 54 of the Federal Rules of Civil Procedure its costs and expenses incurred in connection with bringing this proceeding, its reasonable costs and attorney fees, and any other relief to which it is entitled.

      Respectfully Submitted,
      **Ross M. Babbitt Co., LPA**

      /s/ Ross M. Babbitt
      Ross M. Babbitt (Ohio 0072946)
       rbabbitt@babbitt-lawfirm.com
      1382 West 9th Street, Suite 220
      Cleveland, Ohio 44113
      (216) 623-6346

      *Special Litigation Counsel for Plaintiff Albert's Capital Services, LLC, Plan Administrator to Unique Ventures Group, LLC*

      and

      WHITEFORD, TAYLOR & PRESTON LLP

      Michael J. Roeschenthaler (PA ID No. 87647)
      Daniel R. Schimizzi (PA ID No. 311869)
      200 First Avenue, Third Floor
      Pittsburgh, PA 15222

T: (412) 275-2401  
F: (412) 275(2404)

*Counsel to Plaintiff Albert's Capital Services, LLC, Plan Administrator to Unique Ventures Group, LLC*